```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                      Case No. 2:02-cr-8-FTM-29DNF

KENNETH LORENZO JACKSON
_____

## OPINION AND ORDER

This matter is before the Court on defendant Kenneth Lorenzo Jackson's *pro se* letter (Doc. #39) deemed to be a Motion Under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence, filed on February 27, 2008. The motion includes a request to appoint counsel. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. The Court then appointed counsel, who filed a Response Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #45) on March 28, 2008.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons,

>   or on its own motion, the court may reduce the term of
>   imprisonment, after considering the factors set forth in
>   section 3553(a) to the extent that they are applicable,
>   if such a reduction is consistent with applicable policy
>   statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).

Defendant Jackson satisfies all of these eligibility requirements, but he cannot receive a sentence reduction because of the mandatory minimum sentence.  At the original sentence, the Court determined that defendant's Base Offense Level was 32, his Total Offense Level was 29, his Criminal History Category was III, and the Sentencing Guidelines range was 120 months (the statutory mandatory minimum) to 135 months imprisonment.  Defendant was sentenced to 120 months imprisonment.  The application of Amendment 706 results in a Base Offense Level of 30, a Total Offense Level of 27, a Criminal History Category of III, and a Sentencing Guidelines range of 120 months imprisonment.  The "range" is 120 months because the Sentencing Guidelines do not allow a sentence below the statutory mandatory minimum, U.S.S.G. § 5G1.1(c)(2), and this was not changed by Amendment 706.  Thus, while the Sentencing Guidelines range is reduced to 120 months, the Court may not impose a sentence less than the 120 months.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Defendant Kenneth Lorenzo Jackson's *pro se* letter (Doc. #39), deemed to be a Motion Under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence, is **DENIED.**

2.  Defendant's Motion to appoint counsel (Doc. #39) is **GRANTED** *nunc pro tunc* pursuant to the Order Appointing Federal

Public Defender (Doc. #40).

    **DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of April, 2008.

                                                 JOHN E. STEELE
                                                 United States District Judge

Copies:
AUSA Barclift
Federal Public Defender
Kenneth Lorenzo Jackson
U.S. Probation
U.S. Marshal